UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~

In re
**MILORD JEAN,**               Chapter 7
    Debtor                Case No. 17-10809-JNF

~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is "First Ipswich Bank's Objection to Debtor's Claim of Homestead Exemption." Pursuant to its Motion, First Ipswich Bank (the "Bank") objects to the Debtor's claimed homestead in property located in Everett, Massachusetts (the "Everett Property") on the ground that the Debtor terminated that homestead when he recorded a subsequent homestead on property located in Malden, Massachusetts (the "Malden Property"). The Debtor filed a Response to the Bank's Objection, citing In re Palladino, No. 14-11482-WCH, 2015 WL 604031 (Bankr. D. Mass. Feb. 12, 2015), and In re Jones, 467 B.R. 256 (Bankr. D. Mass. 2011), in which he argues that the he always occupied the Everett Property and the subsequent recorded homestead on the Malden Property did not terminate the homestead on the Everett Property because he never intended to reside in the Malden Property.

The Court heard the matter on July 12, 2017. The parties filed an "Agreed Upon Stipulation of Facts" on August 11, 2017. The material facts necessary to resolve the

1

Bank's Objection are not in dispute and neither party requested an evidentiary hearing. Accordingly, the Court now makes its findings of fact and rulings of law in accordance with Fed. R. Bankr. P. 7052.

**II. FACTS[1]**

The Debtor filed a voluntary Chapter 7 petition on March 9, 2017. On Schedule A/B: Property, he listed real property located at 119 Francis Street, Everett, Massachusetts,, which he valued at $418,235.00, and a condominium property located at 1901 Waite Street, Malden, Massachusetts, which he valued at $-0-. On Schedule C: The Property You Claim as Exempt, the Debtor claimed a Massachusetts homestead exemption in the amount of $418,235.00 with respect to the Everett Property, *see* Mass. Gen. Laws ch. 188, §§ 1-14. On Schedule J: Your Expenses, he listed two children as dependents living with him.

On Scheduled D:Creditors Who Have Claims Secured by Property, the Debtor listed the Bank as the holder of a The Bank, in its Objection to the Debtor's claimed homestead exemption, stated that it held a claim in the amount of $450,005.00 secured to an unknown extent by two City of Cambridge taxi medallions and a claim in the amount of $433,000.00 secured to an unknown extent by a City of Boston taxi medallion." In its Objection to the Debtor's homestead exemption, the Bank stated that I held a claim

---

[1] The Court may take judicial notice of its own docket. *See* LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.), 196 F.3d 1, 8 (1st Cir. 1999) ("The bankruptcy court appropriately took judicial notice of its own docket.").

against the Debtor of in excess of $440,000.00 pursuant to the Debtor's breach of a guaranty agreement.

As noted above, the parties stipulated as to the material facts, in which they stated that the Bank's Objection "should be decided on the following agreed upon statement of material facts and without the necessity of discovery or trial." The Court recites those facts as follows.

1. The Debtor filed this Chapter 7 Bankruptcy petition on March 9, 2017.

2. At the time of the filing of the Chapter 7 petition, the Debtor owned two properties: a single-family home at 119 Francis Street, Everett, Massachusetts (the "Everett Property") and a condominium unit located at 101 Waite Street, Unit D-6, Malden, Massachusetts (the "Malden Property").

3. The Debtor acquired the Everett Property by Deed dated June 14, 2010.

4. The next day, June 15, 2010, the Debtor filed the Deed along with a Declaration of Homestead on the Everett Property.

5. The Debtor acquired title to the Malden Property by Deed dated April 25, 2016.

6. The Debtor then recorded a Declaration of Homestead and a copy of the Deed regarding the Malden Property on May 26, 2016.

7. The Everett Property consists of a single-family home in which the Debtor resides with two of his biological children, ages 8 and 11, and their mother. She is not the Debtor's wife.

8. The Debtor has submitted an Affidavit to this Court attesting to the fact that at the purchase of the Malden Property, the closing lawyer prepared and filed a Declaration of Homestead regarding the Malden Property without advising the Debtor as to why.

9. The Debtor has never occupied the Malden Property and never intended to live in the Malden Property; the Malden Property contains two unrelated

people in that the adult woman is not, and never has been, a wife to the Debtor and the single child living therein is not a biological child of the Debtor.

10. The Debtor has continuously lived at the Everett Property since its purchase and considers the Everett Property to be his family's home and residence exclusive to all other properties.

11. In preparing the Debtor's schedules for the Chapter 7 Bankruptcy proceeding, the Debtor submitted a Schedule C claiming as exempt pursuant to M.G.L. ch. 188 only the Everett Property.

12. The Debtor has made no claim of exemption in the Malden Property.

13. The parties assert that Section 10 of M.G.L. ch. 188, the Homestead statute, is controlling in this matter.

### III. POSITIONS OF THE PARTIES

A. The Bank

The Bank states that under the Massachusetts Homestead Statute, Mass Gen. Laws ch. 188 §§ 1-14 once a homestead is declared, it can be terminated in five enumerated ways. *See* Mass. Gen. Laws. c. 188, § 10(a)(1)-(a)(5). It maintains that § 10(a)(5) of the Homestead Statute explicitly provides that a declared homestead is "terminated" by "the subsequent recorded[ing] [of a] declaration of an estate of homestead . . . on other property . . . ." Id. The Bank adds that the statute further provides that "[i]f a subsequent declaration on other property which terminates a homestead under clause (5) of subsection (a) is later invalidated, the prior declaration shall not be reinstated; provided, however, that the owner shall have the benefit of" the automatic $125,000 homestead exemption set forth in Mass. Gen. Laws ch. 188, § 4. Id. at § 10(c).

4

Based on the plain language of M.G.L. ch. 188, § 10(a)(5) and (c), the Bank contends that the Debtor's declaration of homestead on the Everett Property was terminated by operation of law on May 26, 2016 when he recorded a declaration of homestead on the Malden Property. The Bank concludes that the Debtor's claimed homestead exemption of $418,235.00 in the Everett Property is improper.

B. The Debtor

The Debtor, citing In re Palladino, No. 14-11482-WCH, 2015 WL 604031 (Bankr. D. Mass. February 12, 2015), argues that "the intent to reside in the 'other property' controls, not simply the recording of a Declaration of Homestead on another property." The Debtor also relies upon In re Jones, 467 B.R. 256 (Bankr. D. Mass. 2011), and the "significant public policy behind maintaining homestead exemption."

**IV. DISCUSSION**

A. Applicable Law

1. Burden of Proof

Bankruptcy Rule 4003, in pertinent part, provides:

(b) Objecting to a claim of exemptions.

> (1) Except as provided in paragraphs (2) and (3), a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. . . .

(c) Burden of proof. In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

Fed. R. Bankr. P. 4003. Accordingly, pursuant to Rule 4003(c), the Bank has the burden of proof that the Debtor's homestead was not properly claimed by a preponderance of the evidence. *See* In re LeClair, 461 B.R. 86, 89 (Bankr. D. Mass. 2011) (citing Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999), and In re Gonsalves, 2010 WL 5342084, *6 (Bankr. D. Mass. 2010)).

    2. The Massachusetts Homestead Statute

As noted by the court in In re Zakarian, __ B.R. __, 2017 WL 3328148 (Bankr. D. Mass. Aug. 3, 2017),

> To receive the maximum protection under the Massachusetts Homestead Act, the statute requires a homeowner to record a declaration of homestead. M. G. L. c. 188, § 3(a). This creates an estate of homestead for the benefit of each owner of the home and the owner's family *who occupy or intend to occupy* the home as their principal residence. Id. Generally a declared homestead exempts from creditor seizure up to $500,000 in equity in the home. M. G. L. c. 188, § 1. In the absence of a declared homestead, the statute confers an automatic homestead of $125,000 on an owner and the owner's family member. M. G. L. c. 188, §§ 1 and 4.

Zakarian, 2017 WL 3328148, at * 3 (emphasis supplied). "Any doubts as to the extent of the homestead estate must be resolved in favor of the debtor in order to comport with public policy as explicated by the Massachusetts Supreme Judicial Court." In re Vaghini, 549 B.R. 546, 549 (Bankr. D. Mass. 2016) (citing Dwyer v. Cempellin, 673 N.E.2d 863, 866, 424 Mass. 26 (1996)).

Section 10 of the Massachusetts Homestead statute provides in pertinent part the following:

> (a) An estate of homestead created under section 3 or 4 may be terminated by any of the following methods: . . .

> (5) the subsequent recorded declaration of an estate of homestead under section 3 on other property, except that such declaration shall terminate only the rights of the owner making such subsequent declaration and the rights of that owner's spouse and minor children who reside or intend to reside in the other property as their principal residence.
>
> \*\*\*
>
> (c) If a subsequent declaration on other property which terminates a homestead under clause (5) of subsection (a) is later invalidated, the prior declaration shall not be reinstated; provided, however, that the owner shall have the benefit of the provisions of section 4. . . .

Mass. Gen. Laws ch. 188, § 10. Section 4 of the Massachusetts Homestead statute, as noted above, provides that: "[i]n the absence of a valid declaration of homestead recorded under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist in a home for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principal residence." Mass. Gen. Laws ch. 188, § 4. Section 1 defines the automatic homestead exemption as "an exemption in the amount of $125,000," subject to conditions not relevant to the issue before the Court.

B. <u>Analysis</u>

The Court concludes that the statutory language set forth in Mass. Gen. Laws ch. 188, § 10 is unambiguous. The statute sets forth five methods for terminating a homestead created under sections 3 and 4. The use of the verb "may" does not suggest to this Court an equivocation as to the effect of the recordation of a subsequent Declaration of

7

Case 17-10809 Doc 27 Filed 08/23/17 Entered 08/23/17 10:37:30 Desc Main
Document Page 8 of 9


Homestead; rather, the use of the term "may" connotes a choice of five alternative methods for terminating a homestead.

The undisputed facts establish that the Debtor recorded a subsequent Declaration of Homestead on the Malden Property. The recordation of that homestead terminated only the Debtor's rights with respect to the Everett Property "as the owner making the subsequent declaration;" the rights of his minor children who live in the Everett Property with their biological mother, and inferentially had no intention of residing in the Malden Property as their principal residence, are unaffected.

With respect to the Debtor's homestead rights, the undisputed facts also establish that the Debtor never intended to reside in the Malden Property. Accordingly, pursuant to Mass. Gen. Laws ch. 3(a) ("An estate of homestead to the extent of the declared homestead exemption in a home may be acquired by 1 or more owners who occupy *or intend to occupy* the home as a principal residence (emphasis supplied)), his Declaration of Homestead with respect to the Malden Property was invalid as he never intended to occupy the Malden Property. *See* Zakarian, 2017 WL 3328148, at * 3.

Although the Debtor's Declaration of Homestead with respect to the Malden Property is invalid, the Declaration of Homestead with respect to the Everett Property is not reinstated. *See* Mass. Gen. Laws ch. 188, § 10(c). Nevertheless, the plain language of the statute provides that the Debtor is entitled to the automatic homestead exemption in the sum of $125,000. *See* Mass. Gen. Laws ch. 188, § 10(c).

## V. CONCLUSION

In accordance with the foregoing, the Court shall enter an order sustaining the Bank's Objection in part and overruling it in part. The Debtor's Declaration of Homestead with respect to Malden Property terminated his estate of homestead in the Everett Property. That termination, however, terminated only his rights as "the owner making such subsequent declaration;" the rights of his biological children residing in the Everett Property are unaffected. *See* Mass. Gen. Laws ch. 188, § 10(a)(5). Moreover, the Debtor has the benefit of the automatic homestead exemption for the Everett Property. *See* Id. at §§ 4 and 10(c).

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: August 23, 2017